# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50646
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2025

Lyle W. Cayce
Clerk

Jeremy Story,

*Plaintiff—Appellant*,

*versus*

Bill Gravell, *Williamson County Judge*; Mike Gleason,
*Williamson County Sheriff*; Brien Casey, *Williamson County Deputy*;
Jason Briggs, *Williamson County Deputy*; Williamson County,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1120

———————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jeremy Story is a frequent participant in the public affairs of Williamson County, Texas. When local leaders banished him from a school board meeting, a warrant for Story's arrest was issued on a charge of "Hindering Proceedings by Disorderly Conduct." After spending a night in

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

jail, Story appeared to give public comment on a school-funding measure at Williamson County Commissioners Court. He was removed for talking out of turn. Based on his arrest and latest public ejection, he brought a civil-rights complaint for violations of his First and Fourth Amendment rights. The district court dismissed that complaint for failure to state a claim. We AFFIRM.

## I.

By his account, Story "is known" in the local community as a "principled," "morally conscious Christian pastor" and "Republican who has exposed corruption among current and past Williamson County officials." Story's complaint alleges that "[h]is challenges to entrenched elected incumbents have caused an upheaval in political leadership in Williamson County." It further alleges that, as "a taxpayer in the Round Rock Independent School District" and father of "school-age children," he "takes an interest in the decisions affecting the public school system."

Story brought that enthusiasm to the school district's board meetings. His complaint recounts two episodes from 2021 where Round Rock ISD police officers forcibly removed him from those meetings. The first came in August, when Story registered his concerns during a public-comment period. The second arose in September, from when he was refused entry into the board's meeting room.

Three days after the latter incident, a Round Rock ISD police officer swore an arrest-warrant affidavit against Story for "Hindering Proceedings by Disorderly Conduct," a misdemeanor. That same day, a magistrate determined that the affidavit established probable cause and issued the warrant. The warrant bore the seal of Williamson County Sheriff Mike

No. 24-50646

Gleason.[1] Within a few hours, Williamson County Deputies Brien Casey and Jason Briggs, *inter alios*, arrived at Story's house. After Story surrendered to them, he was taken to the county jail and held overnight.

Story's jail stint did not dissuade him from public advocacy. On December 21, 2021, he attended a Williamson County Commissioners Court meeting. At the meeting, which was recorded,[2] the school district's proposal for additional funding was discussed. Story was on the agenda and spoke without interruption during his allotted time. He opposed the grant on the ground that the school district's superintendent, Hafedh Azaiez, was corrupt and would misappropriate the funds.

Despite Story's opposition, the court approved the grant. When members of the audience applauded that development, Judge Gravell admonished the attendees to abide by the court's rules of decorum, which forbade applause, outbursts, and speaking beyond one's 3-minute allotment. After the applause subsided, an argument between two audience members ensued. Judge Gravell then addressed Story, one of those speakers. Story now alleges that "it was [a] woman in the audience who disturbed the meeting." The video confirms that Story continued his protestation, which prompted Judge Gravell to expel him from the meeting.

---

[1] The warrant and accompanying affidavit, attached to the defendants' motion to dismiss, are considered part of the pleadings because they are referenced in Story's complaint, and because they are integral to his Fourth Amendment false-arrest claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

[2] Story's complaint cites a link to the video and relies on the footage for numerous allegations, thus making it part of his pleadings. *Id.*; *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## II.

On September 18, 2023, Story brought suit under 42 U.S.C. § 1983 against Sheriff Gleason, the Deputies, and Judge Gravell. He alleged that he was arrested on September 17, 2021 without probable cause in violation of the Fourth Amendment. That arrest, as well as his December 21, 2021 expulsion from Commissioners Court, also allegedly infringed on his free-speech rights under the First Amendment. Specifically, the complaint claimed Gleason and the Deputies arrested him in retaliation for his protected speech at the school board meetings and that Judge Gravell ejected him from court because of his viewpoint. A magistrate judge issued a report, recommending dismissal of Story's complaint for failure to state a claim. The district court adopted that recommendation over Story's objections. Final judgment was entered on July 1, 2024. This appeal timely followed.

## III.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "Threadbare" allegations and "conclusory statements[] do not suffice."[4] Story's claims rely on his assertion that "Williamson County officers Gravell, Gleason, Casey, and Briggs . . . worked in conjunction with [the school district] to prosecute political enemies." But that allegation is threadbare. And Story offers no facts tending to establish an agreement among the school district and Sheriff Gleason, the Deputies, or Judge Gravell.[5] Accordingly, any animus that could be inferred on the part of the

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

[4] *Id.* (citing *Twombly*, 556 U.S. at 555).

[5] *See Twombly*, 556 U.S. at 556–57.

school district cannot be attributed to the defendants that Story sued in this case.[6] Without a conspiratorial scheme, Story's constitutional claims fail.

A plaintiff alleging a false arrest in violation of the Fourth Amendment must show that the defendant-officer arrested him without probable cause.[7] "[P]robable cause speaks to the objective reasonableness of an arrest."[8] Under that standard, an officer may reasonably rely on a facially valid warrant when making an arrest, subject to one exception: his reliance must be in good faith.[9] Story pleaded no facts showing that the Deputies should have doubted the warrant's validity. What is more, Story did not allege either that the Deputies signed the affidavit or that Sheriff Gleason was responsible for any material misstatements or omissions.[10] So, Story's Fourth Amendment claims against them fail.[11]

---

[6] *See Iqbal*, 556 U.S. at 677 ("In a § 1983 suit, . . . each Government official . . . is only liable for his or her own misconduct.").

[7] *See, e.g.*, *Hughes v. Garcia*, 100 F.4th 611, 619 (5th Cir. 2024).

[8] *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011)).

[9] *See, e.g.*, *United States v. Leon*, 468 U.S. 897, 922–23 (1984) (providing that, as long as it is not "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid[,] . . . a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith" in executing it).

[10] *See generally Franks v. Delaware*, 438 U.S. 154, 166–67 (1978) (holding an officer violates the Fourth Amendment if he deliberately or recklessly makes material misstatements or omissions in a warrant application).

[11] Because Story's arrest was supported by probable cause, he cannot state a claim for a retaliatory arrest in violation of the First Amendment without satisfying either the *Lozman* or *Nieves* exception. *See Lozman v. Riviera Beach*, 585 U.S. 87 (2018); *Nieves*, 587 U.S. at 391. His claims fall under neither.

The First Amendment restricts the government from regulating speech in a limited public forum on the basis of the speaker's viewpoint.[12] Although Story was permitted to state his views without interruption, he argues that Judge Gravell ousted him from the Commissioners Court meeting unfairly. Story claims that he was treated differently than other speakers—namely, the woman who yelled at him—because of his views. However, the uncontested video evidence incorporated into his pleading shows that Story engaged in an extended colloquy with Judge Gravell, all while being warned to discontinue the interruption. Therefore, Story has not plausibly pleaded that he was treated differently from anyone who committed a sustained violation of the court's decorum rules. Absent other allegations tending to show that his viewpoint led to his expulsion, Story's First Amendment claim against Judge Gravell fails.[13]

As Story has not plausibly alleged any violation of his constitutional rights, we need not consider his further argument that the district court erred in dismissing his suit on qualified immunity grounds.

## IV.

The judgment of the district court is AFFIRMED.

---

[12] *See, e.g.*, *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 394 (1993) ("The First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others." (citation modified)); *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 107 (2001).

[13] Story also raises a parallel state-law claim for viewpoint discrimination under the Texas Open Meetings Act. But he has not developed an argument on appeal that this law provides broader protections than the First Amendment, so the district court's dismissal of this claim was proper.